IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

Kurt A. Benshoof,

                Appellant,

    v.

Jessica R. Owen,

                Respondent.

No. 87557-4-I

DIVISION ONE

UNPUBLISHED OPINION

COBURN, J. — Kurt Benshoof, representing himself below and on appeal, contends that the trial court erred by denying a CR 60(b) motion to vacate without first ordering and holding a mandatory show cause hearing. Because we conclude that the trial court properly exercised its discretion in denying Benshoof's motion to vacate, we affirm. Additionally, based on the record before us, we conclude that respondent Jessica Owen does not make a sufficient showing to support her request for a vexatious litigant order against Benshoof and deny her request as it relates to this case.

FACTS

Many of the facts underlying the instant appeal are set forth in this court's prior opinion wherein we affirmed the trial court's orders ejecting Benshoof from property owned by Owen and requiring Benshoof to pay restitution to Owen for his occupation of the subject property. See Benshoof v. Owen, No. 85465-8-I, slip op. at 1-7 (Wash. Ct. App. Aug. 26, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/854658.pdf.

The underlying facts are known to the parties and need not be repeated in this unpublished opinion except to provide context for our analysis below.

In March 2022 Benshoof filed a pro se complaint against Owen "for money damages resulting from constructive fraud and infliction of emotional distress." Id. at 2 (internal quotation marks omitted). In May 2022 Owen filed her first amended answer to the complaint asserting counterclaims for ejectment and recovery for unjust enrichment. Id. The following month, Owen filed a CR 12(c) motion for judgment on the pleadings. Id. On July 15, 2022, Benshoof filed an "amended" complaint without leave from the trial court. Id. (internal quotation marks omitted). On July 22, 2022, the trial court granted Owen's CR 12(c) motion, dismissing with prejudice Benshoof's claim for fraud as time-barred and stating that Benshoof's complaint "fails to state a claim upon which relief can be granted for the recovery of emotional distress and is accordingly dismissed with prejudice." Id. at 2-3 (internal quotation marks omitted). The court noted that Benshoof improperly attempted to amend his complaint and ruled that even if the amended complaint "were to be considered, it fails under the same merits." Id. at 3 (internal quotation marks omitted).

On September 28, 2022, Benshoof filed a new lawsuit against Owen, alleging the same set of facts as the previously dismissed complaint and asserted a claim for "fraud." Id. (internal quotation marks omitted). The trial court granted Owen's subsequent motion to consolidate that lawsuit with another one of Benshoof's lawsuits. Id. at 3-4.

In December 2022 Owen filed a CR 56 motion for ejectment and CR 12(b)(6) motion to dismiss, requesting that the trial court grant summary judgment on her

counterclaim for ejectment and dismiss Benshoof's "re-filed claim of fraud." Benshoof, No. 85465-8-I, slip op. at 4 (internal quotation marks omitted). On January 24, 2023, the trial court granted Owen's motion to dismiss Benshoof's September 28, 2022, complaint. Id. at 5. In that same order, the court also granted Owen's request to cancel the lis pendens that Benshoof recorded against the subject property because Benshoof did not possess a claim to the title of the subject property. Id. at 5. The court denied Owen's summary judgment motion as to her counterclaim for ejectment, which proceeded to trial. See id. at 4-7. Benshoof did not appear on the date of trial. Id. at 5. Benshoof's counsel requested the trial court to allow him to appear by Zoom, which the court denied. Id.

On June 2, 2023, the trial court issued its findings of fact and conclusions of law, concluding that Owen was entitled to an order ejecting Benshoof from the subject property. Id. at 7. That same day, the trial court issued a writ of ejectment and ordered that Owen was entitled to restitution based on Benshoof's occupancy of the subject property. Id.

On December 4, 2024, Benshoof moved to vacate the trial court's July 22, 2022, January 24, 2023, and June 2, 2023, orders and the court's June 2, 2023, judgment under CR 60(b)(3), (4), and (11).[1] In his motion, Benshoof asserted that "[a] redetermination of the issues is warranted" based on "[n]ewly obtained evidence" that proves "Owen's intrinsic and extrinsic fraud across four separate court proceedings, all

---

[1] The context around Benshoof's December 4, 2024, CR 60(b) motion to vacate is further discussed below. It is undisputed that the record on appeal contains a later-filed copy of Benshoof's CR 60(b) motion, filed on January 21, 2025, which we substantively refer to above. Benshoof states in his briefing that he filed that copy of his motion after the court's December 6, 2024, ruling "solely to place it in the record for purposes of this appeal."

intended to prevent Benshoof from presenting all of his case to the court." (internal quotation marks omitted). Benshoof requested the court to issue "an Order to Show Cause requiring [Owen] to appear and show cause why the court should not grant Benshoof's Motion."

On December 6, 2024, the trial court entered an order denying Benshoof's motion to vacate the court's prior orders and judgment under CR 60(b)(3), (4), and (11). The order states:

> In his motion dated December 4, 2024, Kurt Benshoof asks this Court to vacate the Orders and Judgment dated July 22, 2022, January 24, 2023, and June 2, 2023, pursuant to CR 60(b)(3)(4)(11). The Court DENIES the request for a show cause hearing and DENIES motion to Vacate because: 1) Benshoof has not made a prima facie showing of fraud, and 2) the motion was not brought within a reasonable time.
>
> ORDERED this 6TH day of December, 2024.

Benshoof appeals.

## DISCUSSION

### Motion to Vacate

Benshoof contends that the trial court erred when it denied his CR 60(b)(3), (4), and (11) motion to vacate without oral argument as required under CR 60(e)(2). This error, Benshoof argues, deprived him of his due process right of the opportunity to be heard. We disagree.

We review a trial court's decision on a CR 60(b) motion to vacate a judgment or order for abuse of discretion. Luckett v. Boeing Co., 98 Wn. App. 307, 309, 989 P.2d 1144 (1999). The trial court abuses its discretion if its decision is manifestly unreasonable, based on untenable grounds, or for untenable reasons. Persinger v. Persinger, 188 Wn. App. 606, 609, 355 P.3d 291 (2015). We review de novo the

4

interpretation of a court rule. <u>Guardado v. Guardado</u>, 200 Wn. App. 237, 243, 402 P.3d 357 (2017). "Court rules are interpreted in the same manner as statutes. If the rule's meaning is plain on its face, we must give effect to that meaning as an expression of the drafter's intent." <u>Jafar v. Webb</u>, 177 Wn.2d 520, 526, 303 P.3d 1042 (2013).

CR 60(b) permits parties to seek relief from a final judgment, order, or proceeding for several reasons, including newly discovered evidence, fraud, or "[a]ny other reason justifying relief from the operation of the judgment." CR 60(b)(3), (4), (11). A motion to vacate for newly discovered evidence under CR 60(b)(3) must be brought "not more than 1 year after the judgment, order, or proceeding was entered or taken." CR 60(b). A motion to vacate for fraud under CR 60(b)(4) or under the catch-all provision of CR 60(b)(11) must be made within a reasonable time. CR 60(b).

CR 60(e) provides the procedure for vacation of judgment:

(1) Motion. Application shall be made by motion filed in the cause stating the grounds upon which relief is asked, and supported by the affidavit of the applicant or the applicant's attorney setting forth a concise statement of the facts or errors upon which the motion is based, and if the moving party be a defendant, the facts constituting a defense to the action or proceeding.

(2) Notice. Upon the filing of the motion and affidavit, the court shall enter an order fixing the time and place of the hearing thereof and directing all parties to the action or proceeding who may be affected thereby to appear and show cause why the relief asked for should not be granted.

(3) Service. The motion, affidavit, and the order to show cause shall be served upon all parties affected in the same manner as in the case of summons in a civil action at such time before the date fixed for the hearing as the order shall provide; but in case such service cannot be made, the order shall be published in the manner and for such time as may be ordered by the court, and in such case a copy of the motion, affidavit, and order shall be mailed to such parties at their last known post office address and a copy thereof served upon the attorneys of record of such parties in such action or proceeding such time prior to the hearing as the court may direct.

Benshoof argues that the language under CR 60(e)(2) that states that "the court shall enter an order" upon the filing of a CR 60 motion and affidavit is mandatory. (Emphasis added.)

In his brief to this court, Benshoof purports that he emailed the trial court on December 4, 2024, requesting a show cause hearing for his motion under CR 60(b)(3), (4), and (11). He states that he attached a "draft" of that motion to the December 4, 2024, email. This December 4, 2024, communication is not designated in the record on appeal. However, it is apparent from the trial court's December 6, 2024, order that it considered communication from Benshoof on December 4, 2024, to constitute a CR 60(b) motion and request for a show cause hearing.[2] As we note above, the parties agree that the record on appeal includes a copy of Benshoof's CR 60(b) motion to vacate. Benshoof asserts that the "shall" language under CR 60(e)(2) directly prohibited the trial court from ruling on his motion without first scheduling and holding a show cause hearing.

Benshoof misreads the procedure under CR 60(e). CR 60(e)(1) first requires the moving party to file a motion that states "the grounds upon which relief is asked," supported by an affidavit that sets forth "a concise statement of the facts or errors upon which the motion is based." Further, in defending himself against an ejectment proceeding, Benshoof was required under CR 60(e)(1) to provide an affidavit that sets forth "the facts constituting a defense to the action or proceeding." See Farmers Ins. Co.

---

[2] Because the court considered Benshoof's December 4, 2024, communication to constitute a CR 60(b) motion to vacate, his argument that the court's failure to schedule a show cause hearing prevented him from filing his motion under LCR 7(b)(9) fails. See LCR 7(b)(9) ("Motion for Order to Show Cause. Without notice or oral argument, a party moving for an order to show cause shall present the motion to the judge or department that will hear the show-cause hearing. See LCR 40.1(b); LCR 60(e)(2), LFLR 5.").

of Wash., Inc. v. Waxman Indus., Inc., 132 Wn. App. 142, 145-46, 130 P.3d 874 (2006). "The prime purpose of the rule is to prove to the court that there exists, at least prima facie, a defense to the claim. … The affidavit must set out facts constituting a defense; it cannot merely state allegations and conclusions." Id. at 146. As we have previously observed in the context of the vacation of a default judgment, and is equally applicable in the instant case, CR 60(e)(1) avoids a useless subsequent trial if the defendant cannot bring forth facts to make a prima facie showing when seeking to vacate the judgment. Id.; see Stoulil v. Edwin A. Epstein, Jr., Operating Co., 101 Wn. App. 294, 298 n.7, 3 P.3d 764 (2000) ("Oral testimony at a CR 60(b) hearing 'is not the general rule and is discretionary' with the trial court when the motion does not raise disputed issues of fact.") (quoting In re Marriage of Irwin, 64 Wn. App. 38, 61, 822 P.2d 797 (1992)).

Under CR 60(e), it is only if the court determines the moving party's CR 60 motion meets the requirements under CR 60(e)(1) that the court must then, under CR(e)(2), enter an order scheduling a time and place for a hearing and direct the non-moving party to appear and show cause why the requested relief should not be granted. Upon the court's order to show cause, CR 60(e)(3) governs the service of the motion, affidavit, and show cause order to "all parties affected." "The 'apparent purpose' of [CR 60(e)(3)] is purely to provide notice to an opposing party' and to allow that party to show cause why the requested relief should not be granted." Stoulil, 101 Wn. App. at 298 (emphasis added) (alteration in original) (quoting Lindgren v. Lindgren, 58 Wn. App. 588, 593, 794 P.2d 526 (1990)). CR 60(e) thus "allows the adverse party an opportunity to file a response and prepare to meet the issue at a scheduled hearing." Allen v. Allen,

12 Wn. App. 795, 797, 532 P.2d 623 (1975); see Stoulil, 101 Wn. App. at 297-98 (holding that trial court did not abuse its discretion in denying CR 60(b) motion without hearing oral argument where the nonmoving party received notice of the motion and had an opportunity to respond) (citing CR 60(e)(3)).

Here, the trial court was not required to order a show cause hearing simply upon receipt of Benshoof's CR 60(b) motion. The procedure under CR 60(e) demonstrates that the purpose of a show cause hearing under CR 60(e)(2) is not to provide a discovery mechanism for the moving party, but to provide the process for scheduling a show cause hearing if the court determines that the motion warrants a response from the non-moving party based on a prima facie showing of merit. In his opening brief, Benshoof does not challenge the trial court's denial of his motion on the grounds that he failed to make a prima facie showing of fraud and that the motion was untimely.[3] "As a general rule, unchallenged findings of the trial court will be treated by this court as verities on appeal, and review will be limited to determining whether the findings support the conclusions of law." Fuller v. Employment Sec. Dep't of State of Wash., 52 Wn. App. 603, 605, 762 P.2d 367 (1988). Accordingly, Benshoof fails to establish that the trial court abused its discretion in ruling on the motion to vacate without issuing a show cause order and requiring Owen to appear for oral argument when the motion did not satisfy the threshold criteria under CR 60(e)(1).

We conclude that the trial court properly exercised its discretion when it denied

---

[3] We do not consider Benshoof's arguments related to the validity of the trial court's findings that he raised for the first time in his reply brief. See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) ("An issue raised and argued for the first time in a reply brief is too late to warrant consideration."). "To address issues argued for the first time in a reply brief is unfair to the respondent and inconsistent with the rules on appeal." Ainsworth v. Progressive Cas. Ins. Co., 180 Wn. App. 52, 78 n.20, 322 P.3d 6 (2014).

Benshoof's CR 60(b) motion to vacate without oral argument.

<u>Vexatious Litigant Order</u>

In her response brief, Owen requests this court to enter a vexatious litigant order against Benshoof. She asserts that because two other courts have previously entered vexatious litigant orders against Benshoof[4] and "he continues to use the courts to improperly hinder the administration of justice and harass various defendants," this court should enter an order restricting Benshoof's future appellate filings. In part she asks that we restrain Benshoof from seeking review in this court without first having any filings screened and approved by the court clerk and submitting proof that he is not subject to any outstanding fee awards and sanctions.

We have the authority "to condition a party's right to participate in" appellate matters in this court "on compliance with terms of an order or ruling." RAP 18.9. We may also exercise our inherent authority "to control the conduct of litigants who impede the orderly conduct of proceedings." <u>Yurtis v. Phipps</u>, 143 Wn. App. 680, 693, 181 P.3d 849 (2008). We may thus exercise our discretion to place reasonable restrictions on any litigant who abuses the judicial process. <u>Id.</u> Washington courts have previously done so through vexatious litigant orders. <u>See</u> <u>id.</u> (prohibiting appellant from filing any additional appeals or further claims against respondent arising out of land transaction where courts had repeatedly rejected her claims, she was undeterred by prior sanctions, and

---

[4] <u>See</u> <u>Benshoof v. Admon</u>, No. 2:23-CV-1392, 2025 WL 474687, at *4-7 (W.D. Wash. Feb. 11, 2025) (court order declaring Benshoof a vexatious litigant); <u>Benshoof v. Admon</u>, No. 2:23-CV-1392, 2026 WL 1091256, at *1, 3 (W.D. Wash. Apr. 22, 2026) (court order denying motion to vacate same vexatious litigant order); <u>Benshoof v. Cliber</u>, No. 85092-0-I, slip op. at 1, 9-13 (Wash. Ct. App. Aug. 26, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/850920.pdf (affirming trial court's vexatious litigant order against Benshoof), <u>review denied</u>, 4 Wn.3d 1020, 567 P.3d 1109 (2025).

trial court instructed her to end baseless litigation); Ord., <u>Gallery Belltown Condo. Ass'n v. Ma</u>, No. 100725-6 (Wash. July 13, 2022) (declaring petitioner to be a vexatious litigant based on lengthy history of frivolous filings in the court, "which has not been slowed by the imposition of sanctions," and requiring petitioner to obtain approval prior to submitting any future filings based on a showing of "probable merit").

However, other than citing Benshoof's involvement in various matters in this court, superior court, and federal court that purportedly "relate to the same general set of facts" in the instant case, Owen does not provide argument as to how such litigation specifically demonstrates a pattern of abusive and frivolous litigation that warrants a vexatious litigant order in this court. She also does not explain how the instant appeal factors into such a pattern. We have previously observed that proof of mere litigiousness is insufficient to establish abusive litigation. <u>Yurtis</u>, 143 Wn. App. at 693; <u>see</u> <u>id.</u> ("It has been established that in Washington trial courts have the authority to enjoin a party from engaging in litigation upon a 'specific and detailed showing of a pattern of abusive and frivolous litigation.'") (quoting <u>Whatcom County v. Kane</u>, 31 Wn. App. 250, 253, 640 P.2d 1075 (1981)). Because Owen does not show how the instant appeal is part of a pattern of wrongful behavior that exceeds Benshoof's litigiousness in this court based on the record before us, we deny her request as it relates to this case.

## CONCLUSION

Affirmed.

_Cohen, J._

WE CONCUR:

_Birk, J._

_Mann, J._